**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1415

JANIELE VON EVELYN HAMDEN,

Plaintiff – Appellant,

v.

ELLEN DENNY, in her professional capacity as an employee of Radford City Public Schools and in her individual capacity; ROBERT G. GRAHAM, in his professional capacity as an employee of Radford City Public Schools and in his individual capacity; MICHAEL BROWN, in his professional capacity as an employee of Radford City Public Schools and in his individual capacity; ERIC BUCEY, in his individual capacity,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Court Judge.  (7:20−cv−00236−EKD−RSB)

Submitted:  May 18, 2023                                          Decided:  July 28, 2023

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Monica L. Mroz, Thomas E. Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant. Nathan H. Schnetzler, FRITH ANDERSON + PEAKE, P.C., Roanoke, Virginia, for Appellee Eric Bucey.  Christopher S. Dadak, GUYNN,

WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellees Robert Graham, Ellen Denny and Michael Brown.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janiele Von Evelyn Hamden appeals a district court order granting summary judgment to the defendants on her federal and state malicious prosecution claims and an associated conspiracy claim. The district court concluded that Hamden's malicious prosecution claims failed as a matter of law because there was no record evidence that the defendants, through their initial reports of Hamden's suspected misconduct, had caused her prosecution. Instead, independent acts by subsequent decisionmakers – a state police officer's investigation, a prosecutor's decision to bring charges, and a grand jury's return of indictments – intervened and broke any causal link between the defendant's conduct and Hamden's prosecution. Nor, the court held, could Hamden demonstrate that she was seized without probable cause, as required to make out a malicious prosecution claim, because the grand jury's decision to indict conclusively established the existence of probable cause.

We review a district court's grant of summary judgment *de novo*, and "view the evidence and all reasonable inferences from it in the light most favorable to the non-moving party." *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) (cleaned up). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).

We have reviewed the record and the parties' briefs and agree with the district court. Accordingly, we affirm the district court's judgment granting summary judgment to defendants Ellen Denny, Robert Graham, Michael Brown, and Eric Bucey. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*